IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MAGDALENA MATA DE AVALOS and JUAN CASTILLO | § § § § | |
| Plaintiffs, | § § | CASE NO. _____ |
| VS. | § § | |
| LUCAS CHANCE MILLER AND D.L. PETERSON TRUST | § § § | |

## D.L. PETERSON TRUST'S NOTICE OF REMOVAL

TO HONORABLE UNITED STATES DISTRICT JUDGE:

Notice is hereby given that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant D.L. Peterson Trust ("D.L. Peterson" or "Defendant") hereby removes this action from the 80th Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division, stating the following as grounds for removal of this action:

## BRIEF STATEMENT OF NOTICE

1. This is a civil dispute between Plaintiffs, Magdalena Mata de Avalos and Juan Castillo, and Defendants, D.L. Peterson and Lucas Chance Miller. It arises out of an automobile incident occurring on or about May 18, 2019. Plaintiffs are citizens of the State of Texas and residents of Harris County, Texas. Defendant, Lucas Chance Miller, is alleged to be a resident of the State of Louisiana. Defendant, D.L. Peterson, is a Delaware statutory trust and its principal place of business is located in Maryland. The citizenship of each beneficiary of a statutory trust determines the citizenship of the business trust. *U.S. Bank Tr., N.A. v. Dupre*, No. 615CV0558LEKTWD, 2016 WL 5107123, at *4 (N.D.N.Y. Sept. 20, 2016) (relying on *Americold Realty Trust v. Conagra Foods, Inc.*. 136 S.Ct. 1012, 1016-17 (2016)). The beneficiary of the D.L. Peterson Trust is Chesapeake Finance Holdings II LLC. No member of Chesapeake Finance Holdings II LLC is a citizen of Texas.

2. D.L. Peterson is, therefore, not a citizen of Texas for purposes of diversity jurisdiction. Although Mr. Miller has neither appeared nor been properly served (and therefore, his consent is not required), he is not a citizen of the State of Texas either according to Plaintiffs' petition. Because there is complete diversity of citizenship between Plaintiffs on the one hand and Defendants on the other, and because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, jurisdiction is correctly vested in this Court. *See Burden v. General Dynamics Corp.,* 60 F.3d 213, 220-221 (5th Cir. 1995).

## PROCEDURAL BACKGROUND

3. On or about October 5, 2020, Plaintiffs filed their Original Petition in Cause No. 2020-63257, styled *Magdalena Mata de Avalos and Juan Castillo v. D.L. Peterson,* in the 80th Judicial District Court, Harris County, Texas (the "State Court Action"). D.L. Peterson was served with Plaintiffs' Original Petition and citation on November 9, 2020.

4. D.L. Peterson files this Notice of Removal within thirty (30) days after the date on which D.L. Peterson was served, albeit improperly, with Plaintiffs' Original Petition and citation. It is therefore timely under 28 U.S.C. § 1446(b).

## BASIS FOR REMOVAL

5. Removal is proper pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiffs on the one hand and Defendants on the other. In their Original Petition, Plaintiffs are seeking damages in excess of One Million Dollars ($1,000,000). Therefore, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

### *Diversity of Citizenship*

6. At the time of filing of the lawsuit in state court and at the time of the filing of this Notice of Removal, D.L. Peterson is not and was not a citizen of the State of Texas. As a result, D.L. Peterson is not a citizen of the state of Texas for purposes of federal diversity jurisdiction and complete diversity of citizenship exists in this action. *See Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th

Cir. 2016)(diversity jurisdiction is present when all parties on one side of action are citizens of different states from all parties on other side); *see also Tour Strategy, LLC d/b/a Redan Bilingual Media v. Star-Telegram, Inc.*, No. 4:18-cv-074-A, 2018 WL 1796555 (N.D. Tex. Apr. 16, 2018).

7. Defendant D.L. Peterson is without information concerning whether Defendant Miller has been served, but, based on the tracking information contained in the Chairman of the Transportation Commission's Certificate, the forwarded process had yet to be delivered to Mr. Miller as of the time of this filing. *See* Exhibit B at p. 23-24. As of the time of this filing, Mr. Miller had not yet appeared and, therefore, his consent was neither obtained nor is it required.

## *Amount in Controversy*

8. Where a defendant can show, by a preponderance of the evidence, that the amount in controversy is greater than the jurisdictional amount, removal is proper. *See White v. FCI U.S.A., Inc.*, 319 F.3d 672, 675 (5th Cir. 2003). The defendant can meet its burden, if it is "facially apparent" from the petition that the claims exceed $75,000. *See Manguno v. Prudential Prop. & Cas. Ins., Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Here, on Page 2 of their Original Petition, Plaintiffs acknowledge that they are seeking damages "in excess of One Million Dollars ($1,000,000)."

## **PROCEDURAL REQUIREMENTS**

9. This action is properly removed to this Court, as the State Court Action is pending within this district and division. *See* 28 U.S.C. §§ 1441 and 1446(a).

10. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81(1), attached hereto as **Exhibit A** is a copy of all process served upon D.L. Peterson in the State Court Action.

11. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81(2), attached hereto as **Exhibit B**[1] is a copy of all pleadings asserted causes of action and answers to such pleadings.

---

[1] These pleadings were downloaded from the District Clerk's website. Other than Plaintiffs' Petition, Defendants' Answer and the documents contained in Exhibit A, the documents were not served upon D.L. Peterson.

12.     Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81(3), there are no orders signed by the state court judge.

13.     Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81(4), attached hereto as **Exhibit C** is a copy of the docket sheet in state court.

14.     Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81(5), an index of matters being filed is attached hereto as **Exhibit D**.

15.     Pursuant to Local Rule 81(6), a list of all counsel of record, including addresses, telephone numbers and parties represented is attached hereto as **Exhibit E**.

16.     Pursuant to 28 U.S.C. § 1446(d), Defendant is simultaneously filing a copy of this Notice of Removal in the 80th Judicial District Court of Harris County, Texas.  A copy of the Notice of Removal filed in the State Court Action is attached hereto as **Exhibit F**.

## CONCLUSION

**WHEREFORE,** Defendant D.L. Peterson removes this action from the 80th Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division, so that this Court may assume jurisdiction over the cause as provided by the law.

Respectfully submitted,

**BRADLEY ARANT BOULT CUMMINGS LLP**

*/s/ Mary E. Frazier*
Jeffrey S. Davis
Texas Bar No. 00783936
Mary E. Frazier
Texas State Bar: 24054592
600 Travis Street, Suite 4800
Houston, TX 77002
Telephone: 713.576.0300
Facsimile: 713.576.0301
mfrazier@bradley.com
jsdavis@bradley.com

**ATTORNEYS FOR DEFENDANT,
D.L. PETERSON TRUST**

## **CERTIFICATE OF SERVICE**

  This is to certify that a true and correct copy of the foregoing document has been served on the following counsel of record by e-service in accordance with the ECF system on this 9th day of December, 2020:

Jason D. Goff
Lupe Pena
Alicia Lima Lovchik
Nefi K. Lopez
Javier Marcos, Jr.
Email: e-service_jason@marcoslaw.com
228 Westheimer Road
Houston TX 77006

**ATTORNEYS FOR PLAINTIFFS**

*Attorney for Plaintiffs, Magdalena Mata de Avalos and Juan Castillo*


        */s/ Mary Elizondo Frazier*
        Mary Elizondo Frazier