United States District Court
Southern District of Texas
**ENTERED**
May 16, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MAGDALENA MATA DE AVALOS, *et al.*, § | |
| § | |
| *Plaintiffs*, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:20-cv-4186 |
| § | |
| LUCAS MILLER, *et al.*, § | |
| § | |
| *Defendants*. § | |
| § | |
| § | |
| § | |
| § | |
| § | |

## ORDER

Pending before the Court is Defendant Lucas Miller's ("Defendant" or "Miller") Motion for Reconsideration (Doc. No. 58). Plaintiffs Magdalena Mata De Avalos ("De Avalos") and Juan Castillo ("Castillo") (collectively, "Plaintiffs") responded in opposition (Doc. No. 65). Having considered the parties' briefs and the applicable law, the Court hereby **GRANTS** Defendant's Motion for Reconsideration.

### I. Background

Defendant moved for leave to file an amended Answer to assert, for the first time, Plaintiffs' contributory negligence. (Doc. No. 40). In his Motion for Leave to Amend, Defendant argued that Plaintiffs would not be prejudiced by the amendment. (*Id.*). Plaintiffs responded in opposition. (Doc. No. 50). This Court, in its Order denying Defendant's Motion for Leave to Amend, stated that "[g]iven Defendant waited nearly two years to amend his pleadings and the

1

parties are set for trial in a little over a month from the date of this order, the Court finds that granting leave to amend would unfairly prejudice Plaintiffs." (Doc. No. 54).

Defendant subsequently filed this Motion to Reconsider. (Doc. No. 58). In his Motion, Defendant argues, again, that Plaintiffs have not shown any prejudice, and that the Court's previous order should be vacated and his Motion for Leave to Amend should be granted. Plaintiffs again responded in opposition. (Doc. No. 65).

## II. Legal Standard

Rule 59(e) motions call into question the correctness of a judgment. *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir.2002). The Fifth Circuit has repeatedly held that Rule 59(e) motions are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir.1990). Instead, such motions "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir.1989) (internal quotations omitted).

## III. Analysis

Defendant argues in his Motion for Reconsideration that "Plaintiffs have not shown any prejudice, nor can there be any prejudice when Plaintiffs have had notice of the defense and proposed comparative responsibility questions in their jury charge." (Doc. No. 58 at 1). Although Defendant still offers little by way of explanation for why he waited nearly two years to try to amend his pleadings, he has set out in detail why Plaintiffs would not be prejudiced by an amended Answer with the addition of a contributory negligence defense. First, Defendant maintains that Plaintiffs never argued or represented that they would be unduly prejudiced or surprised by Defendant's amended answer. This assertion is supported by the fact that in Plaintiffs' proposed

2

jury charge, Plaintiffs also list De Avalos on the negligence question and ask the jury to apportion her responsibility for Plaintiffs' damages. (Doc. No. 47). Defendant also points out that Plaintiffs sent "pointed discovery on the very issue, received responses, and cannot be reasonably prejudiced when Defendant provided the basis for his defense." (Doc. No. 58 at 2). Plaintiffs have not denied these assertions. Federal Rule of Civil Procedure 15(a) as well as Fifth Circuit precedent affords courts broad discretion to grant leave to amend. *Halbert v. City of Sherman, Tex.*, 33 F.3d 526, 529 (5th Cir. 1994). Amendments should be liberally allowed as justice requires. *Id.* Thus, the decision to grant or deny leave is one left to the sound discretion of a district court. *Id.*

Accordingly, this Court finds that although Defendant has failed to provide an explanation for his delay, Defendant has set out in detail why Plaintiffs cannot be reasonably prejudiced by Defendant amending his Answer to plead contributory negligence. Thus, Defendant's Motion for Reconsideration is granted.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant's Motion for Reconsideration (Doc. No. 58). The Court's previous order denying his Motion for Leave to Amend (Doc. No. 54) is hereby **VACATED**, and Defendant is **GRANTED** leave to amend his Answer to plead contributory negligence.

Signed at Houston, Texas, this 16th day of May, 2023.

Andrew S. Hanen
United States District Judge